2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 25-CR-369 (JEB) |
| FAN YANG<br>also known as "Jocelyn Yang," and<br>JING TIAN, | : | UNDER SEAL |
| Defendants. | : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I. Summary of the Plea Agreement

As set forth in the attached plea agreement, Defendant Jing Tian (hereinafter referred to as "Defendant" or "TIAN") agrees to accept responsibility and plead guilty to Count Two of the Indictment charging Defendant with Conspiracy to Commit Securities Fraud, in violation of Title 18, United States Code, Section 371.

### II. Elements of the Offenses

The essential elements of the offense of Conspiracy to Commit Securities Fraud, in violation of Title 18, United States Code, Section 371, each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

1. That two or more persons agreed to use or employ a deceptive device, scheme, contrivance or artifice to defraud, in interstate commerce, in connection with the purchase or sale of securities, in violation of Title 15, United States Code Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, as charged in the indictment,
2. That the defendant was a party to or member of that agreement,

3. That the defendant joined the agreement or conspiracy knowing of its objective to commit securities fraud and shared that purpose with at least one other conspirator, and
4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

## III. Statement of Facts

Pursuant to Federal Rule of Criminal Procedure 11, the United States and the Defendant, with the concurrence of Defendant's attorney, stipulate and agree that the following facts are true and accurate. These facts do not constitute all facts known to the parties concerning the charged offenses and covered conduct. This statement is being submitted by the parties to demonstrate that sufficient facts exist to establish that Defendant committed the offenses to which he is pleading guilty.

### Background Information

TIAN and Fan "Jocelyn" Yang (YANG) are married to each other, and resided in Indiana at all times relevant to this Statement of Offense. TIAN and YANG are Chinese citizens, with lawful permanent resident status in the United States.

Trader-5 was a personal acquaintance of YANG, and resided in China.

Trader-6 was a personal acquaintance of TIAN, and resided in China.

Company-1 is an American corporation, headquartered in Indiana, that designed, manufactured, and distributed engines, filtration, and power generation products.

Company-2 is an American corporation, headquartered in Michigan, that manufactured automobile components for military suppliers, trucks, and trailers.

Material Non-Public Information

YANG was employed by Company-1, and her job responsibilities included finance support for corporate development. In or around October 2021, YANG began to acquire Material Non-Public Information (MNPI) through her employment with Company-1. Initially, this MNPI related to Company-1's significant interest in acquiring Company-2. Subsequently, the MNPI related to confidential discussions between Company-1 and Company-2.

Beginning by at least November 2021, YANG and TIAN agreed to engage in insider trading based on the MNPI, and began discussing and executing securities purchases in Company-2, coordinating wire transfers, Zelle transfers, and funding brokerage accounts in order to buy securities in Company-2. Between approximately November 10, 2021, and December 10, 2021, YANG and TIAN purchased approximately 5,185 shares of Company-2 stock.

On November 22, 2021, YANG sent a WeChat message to TIAN discussing their securities purchases, stating, "We have over 100,000 in there. If the acquisition is completed with 3.5b, we can get a Tesla. Trade in and don't need a loan haha."

Dissemination of MNPI to Trader-5 and Trader-6

On November 28, 2021, YANG sent a message to Trader-5, a personal friend, stating, "You don't buy stocks right?" Trader-5 replied, "I do not." YANG responded, "I have one that I can recommend to you. If you have an account to operate. [Company-2]." Trader-5 responded, "I can buy after you. But when you sell it. You have to let me know. I have bad luck in stocks." YANG responded, "I won't say it's risk free, but it's very likely to go up $10 per share. I have a position. I will let you know when I sell it." Trader-5 responded, "It's because you have good luck.

Hahahaha." YANG finally replied, "This is definitely not luck. But I can't tell you more. I can tell you later."

On November 29, 2021, YANG followed up with Trader-5 and stated, "That stock, waste no time to buy it. Ha." Trader-5 replied, "Bought it. Sell it before 36, right?" YANG replied, "I will let know when the time comes."

On December 3, 2021, Trader-5 asked YANG, "Which team are you in right now?" YANG replied, "I am at corporate development…Under strategy, manage merger and acquisition, and establish joint venture."

On December 10, 2021, YANG and TIAN discussed the position of Trader-6. TIAN stated, "Just now. [Trader-6] called me. [He] has some emotional fluctuations." YANG replied, "How much did he buy?...60,000?" TIAN responded, "Yes" and followed up with "You are a senior manager. You have seen big scenes." TIAN further stated, "I told him we are still holding it. We have some external accountants and legals here recently. Things are making progress."

On December 13, 2021, YANG sent a message to Trader-5 stating, "The stock I recommended to you, don't panic. Ha. I will let you know when I sell it…It's not long term. The most it will take is 1-2 months." YANG later asked, "Why didn't you ask me why I recommend it to you? Haha." Trader-5 replied, "Must be insider news. Hahaha." Trader-5 followed up by asking "Anyway, why did you recommend? Just asking." YANG replied, "We [Company-1] are acquiring it. You have to keep it confidential." Trader-5 responded "Oh shit. Okay. I will buy more." YANG responded, "Just try your best. I am not in the project team so I only know limited information." YANG finally stated, "My assumption is it will be around the end of January or early February."

Attempts to Avoid Detection

On December 16, 2021, YANG told TIAN, "Plan to announce in the early February. I am about to sign NDA. . . Don't touch stocks for now." TIAN responded with an " 👌 " emoji. YANG replied, "The legal team is asking me was I involved in the [Company-2] before I signed the nda. I said the meeting this morning is my first [Company-2] meeting. I was not involved in anything previously."

On December 20, 2021, TIAN sent YANG a message stating, "Stock is plunging so bad that my pants fell off." YANG replied, "Just don't make any move."

On January 24, 2022, YANG sent TIAN a message stating, "[Company-2] went up last week because we submitted another revised offer. Last Friday. But there's still gap from both sides. Will submit another one this week. This will be the last round. Do or die this time. I am sure it will go higher than 32. . . [Company-1 Executive] thinks it's very possible it will work out." TIAN replied, "I will tell [Trader-6] in the evening. The big bro is about to step on to the rooftop."

On February 4, 2022, YANG spoke to a Company-1 corporate attorney, and told him that TIAN had purchased stock in Company-2 in October 2021, using YANG's stock account, but solely based on publicly available information. The Company-1 attorney told YANG that the Securities and Exchange Commission would be reviewing all stock purchases and sales from employees of companies involved in mergers, but he could not provide her any legal advice.

Financial Outcomes

On or about February 18, 2022, YANG and TIAN sold their Company-2 stock at a loss. From November 2021 and continuing through February 22, 2022, Trader-5 purchased and held

options and securities in Company-2 based on MNPI relating to Company-1's plans to acquire Company-2 provided by YANG. Through these trades, Trader-5 made a profit of at least $8.

TIAN admits that he and Yang agreed to and did conspire to use MNPI for insider trading, by purchasing shares of Company-2 stock for themselves, and by communicating with Trader-5 and Trader-6 to purchase Company-2 stock.

Respectfully Submitted

JEANINE F. PIRRO
United States Attorney

By: Sridhar Kaza
S. Babu Kaza
Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea. I have discussed this proffer fully with my attorneys, Christopher Macchiaroli, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: Sep 5,2026

Jing Tian

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 9/8/2026

Ray D. McKenzie, Esq.
Counsel for Defendant